UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE J. VITRANO, JR.                                          CIVIL ACTION

VERSUS                                                            NO. 07-3708

WELCH SALES & SERVICE, INC.                                       SECTION "C" (1)

### ORDER AND REASONS[1]

Before the Court is a motion for summary judgment filed by the Defendant, Welch Sales & Service, Inc. ("Welch").  According to the complaint, the Plaintiff, Lawrence Vitrano ("Vitrano"), is suing Welch for terminating his employment in violation of the Americans with Disabilities Act ("ADA") and unspecified Louisiana law.  Welch argues that Vitrano has not presented any evidence regarding the ADA violation to create a genuine issue of material fact to bring to a trier of fact.  Having considered the arguments of counsel, the record and the applicable law, the motion is GRANTED.

**I. BACKGROUND**

On November 16, 2005, Vitrano began working as a generator construction worker for Welch, a business that constructs and services generators.  (Rec. Doc. 22-3).  Vitrano was hired as an at-will employee who could be fired at "any time" and "for any reason."  (Rec. Doc. 23 at 5 and 7).  During his time at Welch, Vitrano received a standard fifty cent hourly increase in pay after 90 days of work and another pay increase when he changed positions within the company.

---

[1] Samantha Kennedy, a second year law student at Loyola University New Orleans, College of Law, assisted in the research and preparation of this Order.

1

(Rec. Doc. 22-3, 2).  After seven months, on June 13, 2006, Vitrano was discharged from his job at Welch.  The basis for Vitrano's discharge is the issue in dispute in this lawsuit.

Throughout the course of Vitrano's employment with Welch, he had an irregular heartbeat, which required excused absences from work.  *Id*. at 5.  Vitrano alleges he was fired a few days before he was to undergo heart surgery because of a perceived disability or impairment he had due to his heart condition.  (Rec. Doc. 1, 2).  Both Vitrano and Welch concede that they knew that Vitrano's heart condition, and the subsequent surgery, was a non-limiting impairment.  (Rec. Docs. 1, 2; 22-3, 5-6).  However, Vitrano argues that Welch mistakenly believed Vitrano's heart condition to be a limiting impairment and that he was terminated as a result.  Vitrano now brings a claim against Welch for violation of the ADA, 42 U.S.C. § 12101 and unspecified Louisiana law.  (Rec. Docs. 1, 2).

Welch asserts that it terminated Vitrano for "not meeting work expectations, including his excessive absenteeism, failure to get along with co-workers and disruptive behavior, safety issues, and the concerns raised by stolen property."  (Rec. Doc. 22-3, 4).  More specifically, Vitrano allegedly accumulated 85 hours of unexcused absences (over two 40-hour work weeks) in a seven-month period, wasted time while at work, did not "help" when asked, hid to use his cell phone, and allegedly was involved in two significant safety incidents.  *Id*. at 3.  Also, while at work, Vitrano was confronted by the police who alleged that Vitrano was in possession of a stolen item.  *Id*. at 4.

In November of 2006, after being terminated, Vitrano filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  The complaint was denied by the EEOC on April 20, 2007, after which, on July 12, 2007, Vitrano filed this action to sue Welch for violating his rights under the A.D.A.  (Rec. Doc. 1).  On May 13, 2008, Welch filed this motion for

summary judgment, arguing that Vitrano has alleged no genuine issue of material fact to present to a trier of fact.  (Rec. Doc. 22).

## II. SUMMARY JUDGMENT AND ADA STANDARDS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law."  Beck v. Somerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,248 (1986)).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995) (citing *Celotex,* 477 U.S. at 322-24).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson,* 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  *Id.* at 249-50.

3

Discrimination is prohibited under the ADA against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). A *prima facie* case of an ADA violation must be made by the plaintiff by establishing:(1) he is disabled within the meaning of the ADA; (2) he is a "qualified individual with a disability;" and (3) he suffered an adverse employment decision because of his disability. *Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). After a *prima facie* case is made, the burden shifts to the employer to show it did not discriminate on the basis of a disability or is otherwise entitled to an affirmative defense under the ADA. *Gowesky v. Singing River Hospital System*, 321 F.3d 503, 508 (5th Cir. 2003).

The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). A plaintiff is "regarded as" being disabled if he (1) has an impairment that is not substantially limiting but which the employer perceives s substantially limiting; (2) has an impairment that is substantially limited only because of the attitudes of others; or (3) has not impairment that is perceived by the employer as having a substantially limiting impairment. *Equal Employment Opportunity Commission v. E. I. DuPont de Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007).

In addition, where only circumstantial evidence is used to show the alleged ADA discrimination, the Court uses the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Gowetsky, supra.* Vitrano bears the initial burden to prove a *prima facie* case of discrimination by a preponderance of the evidence. *Id.,* 411 U.S. at 802. This burden requires a demonstration that: (1) the plaintiff belonged to a protected group; (2)

the plaintiff was qualified for the position; (3) the plaintiff suffered an adverse employment action on account of his disability; and (4) the plaintiff was replaced with a similarly qualified person not a member of his group, or in the case of disparate treatment, that similarly situated employees were more favorably treated.  *Id.  See also Nasti v. CIBA Specialty Chemicals Corp*., 492 F.3d 589, 593 (5th Cir. 2007); *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir.2003); *Laxton v. Gap Inc*., 333 F.3d 572, 579 (5th Cir.2003); *Blow v. City of San Antonio,* 236 F.3d 293, 296 (5th Cir. 2001).

If a *prima facie* showing is made, the employer then bears the burden of articulating a legitimate, nondiscriminatory reason for its action.  *St. Mary's Honor Center. v. Hicks,* 509 U.S. 502,506-07 (1993); *Nasti,* 492 F.3d at 593.  The defendant must state, "through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact,* would support a finding that the unlawful discrimination was not the cause of the employment action." *St. Mary's,* 509 U.S. at 507 (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248,254-55 (1981)) (emphasis original).

If the defendant articulates such a reason, the burden shifts back to the plaintiff to establish by a preponderance of the vidence that the articulated reasons are merely a pretext for unlawful discrimination.  *Gowesky*, 321 F.3d sat 511. This burden can be satisfied with evidence that the employer's reason is a pretext for discrimination, either through evidence of disparate treatment or by showing that the proffered explanation is false or unworthy of credence.  *St. Mary's,* 509 U.S. at 511; *Nasti,* 492 F.3d at 593.  The presumptions of the framework dissipate and the focus shifts to the ultimate question: whether the plaintiff can prove that the defendant intentionally discriminated against the plaintiff. *Nasti, 492 F.3d at 593*.  The plaintiff may show intentional discrimination by direct or circumstantial evidence of discriminatory intent.  *Grimes v. Texas Dept. Of Mental Health & Mental Retardation,* 102 F.3d 137, 140-41 (5th Cir.1996).

### III. LAW AND ANALYSIS

**A. Burden of Proving that Welch Regarded Vitrano as Disabled Within the Meaning of the ADA.**

Vitrano argues that Welch "regarded" him as having a physical impairment, the heart condition, which limited him in one or more major life activities and that he was terminated as a result. (Rec. Doc 1, 2). One who is not disabled, but is regarded as having a substantially limiting impairment by his or her employer, falls under the protection of the ADA. *Gowesky,* 321 F.3d at 508. Welch argues that there is no issue of material fact as to whether Vitrano was actually disabled and that there is no issue of material fact regarding whether he was perceived as disabled or as having a substantially limiting impairment. (Rec. Doc. 22-3).

Vitrano argues that material facts are contested because he alleges that he was told by his supervisor that he was being terminated due to his heart procedure. (Rec. Doc. 22-4, 107). Vitrano's supervisor denies making this statement and subsequently provides an uncontested account of consistently accommodating Vitrano for heart-related absences. (Rec. Doc. 22-4). Even if Vitrano's supervisor terminated him because he was having an out-patient heart procedure, the undisputed facts establish that the alleged procedure is not a disability in itself, nor did the procedure "tip off" or create a perception in Welch that Vitrano had a disability. (Rec. Doc. 22-3, 5-6).

The Court finds that, as a matter of law, the undisputed facts do not demonstrate that the defendant had a perception that Vitrano had a disability by virtue of the medical procedure for which he was scheduled. Welch demonstrates, through depositions, that no one who worked for the company or was charged with hiring or firing Vitrano perceived Vitrano to be disabled or to have a limiting impairment. Vitrano admits he was not disabled or limited from any impairment.

6

There is no issue of material fact as to Vitrano's actual impairment as both Welch and Vitrano acknowledge that Vitrano is not disabled. (Rec. Doc. 22-4, 6 ¶ 4).

The Court finds that Vitrano's allegations that he was told he was being terminated due to his upcoming procedure do not change the result. There remain no substantiated facts which would allude to Vitrano's employers regarding him as disabled as a result of the procedure. Vitrano's assertion that he was told that he was being fired due to the heart procedure heart surgery does not indicate a perception of a limiting impairment, nor is it a statement that amounts to more than an unsubstantiated assertion or "conclusory allegation," neither of which are sufficient to create genuine issue of material fact.

## **B. Requirement of Legitimate, Non-discriminatory Reason for Discharging Vitrano**

Vitrano alleges that he was told that he was being terminated because he was undergoing a medical procedure which, if true, would constitute a reason for termination distinct from the perception of a disability. To the extent that this statement were evidence of discriminatory intent, Vitrano's allegation of discrimination would rely on circumstantial evidence within the *McDonnell Douglas* burden shifting framework. For purposes of summary judgment, Welch assumes that Vitrano can establish the first three elements of a *prima facie* case, but challenges Vitrano's ability to show that he was treated differently than other employees and his inability to show that Welch's legitimate non-discriminatory reasons for termination were a pretext for unlawful discrimination. (Rec. Doc. 22-2, 16). Even assuming Vitrano could establish a *prima facie* showing, the Court finds that Welch successfully articulates a non-discriminatory reason for terminating Vitrano.

As the moving party, Welch bares the initial burden of showing that there was a legitimate and non-discriminatory basis for Vitrano's termination. Welch meets the burden with

7

the deposition testimony and records of absenteeism and safety incidents which support Welch's decision. (Rec Doc. 22; 22-7; Exhibits 4, 5, 6). The burden shifts to Vitrano to show a pretext for discrimination. In Vitrano's deposition, he admits he does not know how other employees felt about him, and he does not contest safety incidents. (Rec. Doc. 22-4, 92-96). However, he rebuts his absenteeism as recorded by Human Resources, by stating that he had few if any unexcused absences. (Rec. Docs. 23, 5; 22-4; Exhibits N and 8, 1-10).

Vitrano provides the Court with either uncertain statements, unsubstantiated facts, or conclusory allegations. Vitrano has alleged no facts and gives no account of treatment or circumstances that substantiate discrimination. Welch has provided sufficient non-discriminatory reasons for terminating Vitrano, and Vitrano has failed to meet the burden of showing a genuine issue of material fact that he was a protected class and that his termination was discriminatory, whether intentional or otherwise.

## IV. CONCLUSION

IT IS ORDERED that the Defendant's Motion for Summary Judgment is GRANTED. (Rec. Doc. 22).

New Orleans, Louisiana, this 8th day of August, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE